VIJUK EQUIPMENT, INC., an Illinois Corporation, Plaintiff,

v.

GUK–FALZMASCHINEN GRIESSER & KUNZMANN, GMBH & CO. KG, a German Corporation, and National Label Company, Inc., a Delaware Corporation, Defendants.

No. 95 C 2602.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 23, 1995.

Floyd A. Mandell, Jaye Quadrozzi, Nicole Nehama Auerbach, Katten, Muchin & Zavis, Chicago, Illinois, Francis Xavier Grossi, Jr., Bates, Meckler, Bulger & Tilson, Chicago, Illinois, for Plaintiff.

S. Ira Miller, Chicago, Illinois, for GUK–Falzmaschinen Griesser Kunzmann GmbH & Co. KG.

Andrew George Klevorn, Colleen M. Kenney, Sidley & Austin, Chicago, Illinois, for National Label Company, Inc.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant GUK–Falzmaschinen Griesser & Kunzmann GmbH & Co. KG's ("G & K"), motion to dismiss plaintiff Vijuk Equipment, Inc.'s ("Vijuk"), second amended complaint pursuant to Fed.R.Civ.P. 12(b)(3). As set forth fully below, the court grants G & K's motion to dismiss.

### I. FACTS [1]

Plaintiff Vijuk, an Illinois corporation with its principal place of business in Elmhurst, Illinois, manufactures and distributes equipment and spare parts, such as "folding machines," used in the paper industry. Defendant GUK–Falzmaschinen Griesser & Kunzmann GmbH & Co. KG ("G & K") is a German corporation that manufactures pharmaceutical and miniature folding machines and their spare parts and sells its products to distributors, such as Vijuk, throughout the world. Former defendant National Label,[2] a Delaware corporation with its principal place of business in Lafayette Hill, Pennsylvania, manufactures labels and instructional paper inserts and is a large customer for folding machines.[3]

In 1967, Michael Vijuk founded Michael Vijuk Bindery Consulting Limited ("Vijuk Bindery") in Windsor, Ontario, Canada, and in 1974 moved the company to Toronto, Ontario, Canada. (Aff. of Michael Vijuk ¶ 3; Aff. of Joseph M. Vijuk ¶ 3.) In 1977, Vijuk Bindery and G & K entered into a contract pursuant to which Vijuk Bindery became the exclusive distributor of G & K equipment and spare parts for "all of Canada and all of the United States" (the "territory"). The contract provided that G & K would permit "no sales, promotions, or distributions of its products in the territory" except through Vijuk Bindery. The contract also contained a forum selection clause, which provided that the contract "shall be governed and interpreted in accordance with the laws of Canada and any proceedings hereunder conducted in the courts of the Province of Ontario."

In 1982, Vijuk became successor-in-interest to Vijuk Bindery and moved its offices from Canada to Elmhurst, Illinois. (Aff. of Michael Vijuk ¶ 4; Aff. Joseph M. Vijuk ¶ 4.) In February 1995, G & K sold two folding machines to National Label, without using Vijuk as distributor in the transaction. Vijuk sued G & K in this court for breach of contract and National Label for tortious interference with contract,[4] based on G & K's alleged violation of the October 1977 distribution agreement.

G & K has moved to dismiss Vijuk's complaint on the ground that Vijuk brought its cause of action in an improper forum. For the following reasons, the court grants G & K's motion and dismisses Vijuk's complaint against G & K.

### II. DISCUSSION

#### A. Applicable law

The court will apply federal law in determining whether to enforce the 1977 agreement's forum selection clause. See *Frediani & Delgreco, S.P.A. v. Gina Imports, Ltd.*, 870 F.Supp. 217, 219 (N.D.Ill.

---

1. Unless otherwise indicated, the facts are taken from Vijuk's second amended complaint.

2. On September 26, 1995, this court dismissed without prejudice Vijuk's complaint against National Label because the court found that it lacked personal jurisdiction over National Label. The court refers to National Label simply for purposes of setting out the facts of the case.

3. The court has jurisdiction over this lawsuit on the basis of diversity of citizenship. 28 U.S.C. § 1332.

4. Vijuk's claim against National Label has been dismissed without prejudice. *See supra* note 2.

1994) (stating that even though the Seventh Circuit has not reached the issue, a majority of federal courts apply federal law in determining the enforceability of forum selection clauses). *See also Northwestern Nat'l Ins. Co. v. Donovan,* 916 F.2d 372, 374 (7th Cir. 1990) (in dictum, stating that the parties' agreement that federal law applied to the enforceability of forum selection clause was probably correct); *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (holding that federal law applies to the consideration of a forum selection clause in the case of a 28 U.S.C. § 1404(a) transfer).

### B. *Enforceability of the forum selection clause*

G & K argues that the 1977 agreement's forum selection clause is valid and enforceable, and that it requires Vijuk to bring its cause of action against G & K in Ontario, Canada. Therefore, according to G & K, the action before this court must be dismissed because it has been brought in an improper forum.

█ Vijuk counters, first, that certain oral and written modifications to the 1977 agreement between it and G & K supersede the forum selection clause. Vijuk contends that when it moved to Illinois, the parties orally agreed that Illinois would be the forum for and Illinois law would govern all disputes. (Aff. of Joseph M. Vijuk ¶ 6; Aff. of Michael Vijuk ¶ 4.) Then, to memorialize this agreement, Vijuk added an Illinois choice of law provision to all purchase order contracts it used with G & K. (Aff. of Joseph M. Vijuk ¶ 7; Aff. of Michael Vijuk ¶ 6.) This provision states: "This order and agreement of sale resulting from its acceptance shall be governed by and construed according to the laws of the State of Illinois." (Resp. to Mot. to Dismiss, Ex. A. ¶ 7.)

G & K's president, Anton Kunzmann, denies that he agreed to modify the contract to make Illinois the parties' forum of choice. (Mot. to Dismiss, Ex. A ¶¶ 2–6.) Furthermore, the Illinois choice of law provision on the purchase order contract by its very terms relates only to the particular transaction represented by the purchase order con-

tract. The transaction at issue in the present case was between G & K and National Label, neither of which would have used a Vijuk purchase order contract for the transaction. Consequently, any choice of law provision on Vijuk's purchase order contracts, even if it was valid, cannot apply to the transaction on which Vijuk's complaint is based. Accordingly, the court will not disregard the forum selection clause in the 1977 agreement because of the alleged oral or written modifications to it.

█ Vijuk counters, second, that if the court enforces the forum selection clause in the 1977 agreement, Vijuk will, for all practical purposes, be deprived of its day in court. Forum selection clauses "are *prima facie* valid," and courts will enforce them unless the party opposing enforcement shows that enforcement would be unreasonable or unjust under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). A party seeking to avoid a forum selection clause on the ground that enforcement would be unreasonable must show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen,* 407 U.S. at 18, 92 S.Ct. at 1916. *See also Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1291 (7th Cir.1989).

█ The court is not persuaded that enforcing the forum selection clause specifying Canada as the parties' forum of choice would effectively deprive Vijuk of its day in court. The court recognizes that Michael Vijuk is 81 years old and in failing health, and that his health would not allow him to travel to Canada. (Aff. of Michael Vijuk ¶ 7; Aff. of Joseph M. Vijuk ¶ 7.) However, and at the risk of seeming blunt, there is no guarantee that Michael Vijuk would be able to attend trial in Chicago any more than in Canada. The parties would be wise somehow to preserve any testimony of Michael Vijuk regardless of where the trial of Vijuk's lawsuit takes place. Moreover, Michael Vijuk is not a party to this lawsuit. Even if Michael Vijuk cannot

attend trial in Canada, Vijuk, as the plaintiff, will get its day in court.

The court also appreciates that Joseph and Robert Vijuk are needed in Illinois to run their family business. (Aff. of Michael Vijuk ¶ 7; Aff. of Joseph M. Vijuk ¶ 10.) However, the reality of litigation is that parties need not be with (that is, in the same location as) their attorneys at every step of the way, from the filing of the lawsuit through trial. The court is skeptical that neither one of the Vijuk brothers can be absent from Illinois for what likely will be a relatively short trial. Thus, the court is not convinced that Vijuk's maintaining the lawsuit in Canada would be an extreme hardship and have a devastating effect on the business.

The court acknowledges that Vijuk does not maintain any offices in Canada, have any representatives in Canada, or have any witnesses with knowledge relevant to this case in Canada. (Aff. of Joseph M. Vijuk ¶ 8.) Thus, Canada has no ties to this lawsuit other than that the lawsuit is based on a contract that names Canada as the parties' forum of choice in the forum selection clause. However, Vijuk does not contend that it did not bargain for Canada to be the forum in which it and G & K would bring disputes arising out of their contract. To the contrary, Vijuk states that Michael Vijuk insisted upon Canada as the forum designated in the forum selection provision so that any disputes under the contract would be brought in Michael Vijuk's home forum. (Resp. to Mo. to Dism., at 2.) Vijuk undoubtedly received some consideration for the burden upon G & K to litigate in Canada, rather than in Germany. *See Paper Express, Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 758 (7th Cir.1992) (enforcing a forum selection clause where the party resisting the forum selection clause "was presumably compensated for this burden by way of the consideration it received under the contract"). So, although Canada is no longer Michael Vijuk's home forum, Vijuk should not be permitted to change, unilaterally, a material term to a contract for which it freely and fairly bargained. *See Bremen,* 407 U.S. at 13–14, 92 S.Ct. at 1914–1915 ("a freely negotiated private international agreement,

unaffected by fraud, undue influence, or overweening bargaining power, ... should be given full effect").

Lastly, the court finds some merit to Vijuk's contention that it did not foresee that it would be called to litigate in a foreign and remote forum. *Cf. Bremen,* 407 U.S. at 15–16, 92 S.Ct. at 1916 ("where it can be said with reasonable assurance that at the time they entered the contract, the parties ... contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable"). Nonetheless, the court notes that Vijuk chose to move its business to Illinois from Canada in 1982, and presumably could have tried to renegotiate its contract with G & K to provide for an Illinois forum and choice of law. Furthermore, even if Vijuk did not foresee the inconvenience that it will suffer by being forced to litigate in the contractual forum to which it agreed, in such circumstances, it is still

> incumbent upon the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.

*Bremen,* 407 U.S. at 18, 92 S.Ct. at 1917. As explained in detail above, Vijuk has failed to make such a showing.

The court concludes that enforcing the forum selection clause in the 1977 agreement between Vijuk and G & K would not deprive Vijuk of its day in court, and therefore would be not be unreasonable and unjust. Accordingly, the court concludes that Vijuk's cause of action has been brought in an improper forum, and should be dismissed pursuant to FED.R.CIV.P. 12(b)(3).

### III. *CONCLUSION*

For the foregoing reasons, defendant GUK–Falzmaschinen Griesser & Kunzmann GmbH & Co. KG's motion to dismiss plaintiff

Vijuk Equipment, Inc.'s, second amended complaint is granted without prejudice.