**THE WILKINSON COMPANY, an Illinois partnership, Plaintiff,**

**v.**

**KRUPS NORTH AMERICA, INC., a New Jersey corporation, Rolf Larsen and Neil Eibeler, Defendants.**

**No. 98 C 7931.**

United States District Court, N.D. Illinois, Eastern Division.

May 5, 1999.

Jay A. Lipe, Rooks, Pitts & Poust, Chicago, IL, for Plaintiff.

Mark W. Monroe, Momkus Ozog & McCluskey LLC, Downers Grove, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, The Wilkinson Company ["Wilkinson"], brought this action against the defendants, Krups North America, Inc. ["Krups"], Rolf Larsen, and Neil Eibeler, for violations of federal and state law relating to a Sales Representative Agreement [the "Agreement"] between Wilkinson and Krups. The defendants move to transfer or dismiss the case for improper venue based on a forum-selection clause in the Agreement. For the following reasons, this case is transferred to the District of New Jersey, Newark Division.

### Background

For twenty years, Wilkinson acted as a sales representative for Krups and received commissions on the sale of Krups products within a designated region pursuant to an oral agreement. In January 1997, Krups and Wilkinson entered into a written Sales Representative Agreement. According to the terms of the Agreement, Wilkinson agreed to continue acting as a sales representative, and Krups agreed to pay commissions to Wilkinson based on the sale of its products within Wilkinson's territory, which included Illinois. Wilkinson alleges that Krups subsequently engaged in a series of activities intended to increase Krups' profits by cutting commission costs, and to eliminate Wilkinson as sales representative, in violation of RICO, 18 U.S.C. § 1962, the common law, and the Illinois Sales Representative Act, 820 ILCS 120/0.01 *et seq.* [the "ISRA"]. Wilkinson requests a full accounting and payment of commissions and bonuses owed to it pursuant to the Agreement, as well as other relief.

Section 11(e) of the Agreement provides that "[t]he parties hereto agree that all disputes relating to the payment of commissions hereunder shall be submitted to the exclusive jurisdiction and venue of the Courts of the State of New Jersey located

in Bergen County, New Jersey." The defendants move to dismiss or transfer based on this provision.

### Motion to Dismiss or Transfer

■ Federal law determines whether to enforce a forum-selection clause. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (holding that federal law, 28 U.S.C. § 1404(a), should be applied when determining whether to transfer pursuant to a forum-selection provision); *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir.1990) (noting that the parties' agreement that federal law determined the validity of the forum-selection clause was probably correct); *Vijuk v. Guk–Falzmaschinen Griesser & Kunzmann, GmbH & Co. KG*, 902 F.Supp. 162, 163–65 (N.D.Ill. 1995) (applying federal law to determination of whether to enforce forum-selection provision); *Frediani & Delgreco, S.P.A. v. Gina Imports, Ltd.*, 870 F.Supp. 217, 219 (N.D.Ill.1994) (collecting cases).

■ The defendants argue that the forum-selection clause in the Agreement is enforceable and requires dismissal or transfer to the District of New Jersey. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a case "[f]or the convenience of the parties and witnesses, in the interest of justice...." The presence of a forum-selection clause is "a significant factor that figures centrally in the district court's calculus." *Stewart Org.*, 487 U.S. at 29, 108 S.Ct. 2239. To show that a forum-selection clause is unreasonable, a party must show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

■ According to Wilkinson, venue in the Northern District of Illinois is appropriate despite the forum-selection clause because Chicago was the site of a majority of meetings between the parties, Chicago is part of Wilkinson's territory under the Agreement, and many potential witnesses reside in the Chicago area. Wilkinson, however, has waived its own right to a convenient forum by freely entering into the Agreement containing the forum-selection clause. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir.1989). In addition, there is no evidence indicating that any hardship resulting from litigating this case in New Jersey would rise to the level of depriving Wilkinson of a meaningful day in court. As for potential witnesses, litigating in Chicago will be more convenient for many of Wilkinson's witnesses, but only at the expense of many of the defendants' witnesses. *Id.*

■ Wilkinson further argues that the forum-selection clause is unenforceable because it violates fundamental public policy of Illinois as set forth in the ISRA, 820 ILCS 120/0.01 *et seq.* Pursuant to the ISRA, "[a]ny provision in any contract between a sales representative and principal purporting to waive any of the provisions of this Act shall be void." 820 ILCS 120/2. In *Midwest Ent., Inc. v. Generac Corp.*, 1991 WL 169059, at *4 (N.D.Ill.1991), the court found that the ISRA constitutes the fundamental public policy of protecting "the relative bargaining power and thus the commissions of sales representatives working in Illinois." The court held that a choice-of-law provision was invalid, for an Illinois sales representative may not be required "to waive the protections afforded by the [ISRA], either directly or by means of a choice-of-law provision." *Id.*

Although *Midwest* involved a choice-of-law provision rather than a forum-selection provision, an Illinois appellate court relied on *Midwest's* interpretation of the ISRA to invalidate a forum-selection clause in *Maher and Assocs., Inc. v. Quality Cabinets*, 267 Ill.App.3d 69, 640 N.E.2d 1000, 203 Ill.Dec. 850 (2d Dist.1994). The *Maher* court held that "the legislature was announcing fundamental public policy when it decided that any contract purporting to waive any provisions of the [ISRA] is void.

Therefore, we void the forum-selection clause of the agreement in this matter." *Id.* at 1005, 203 Ill.Dec. at 855, 640 N.E.2d 1000.

The defendants argue that despite the result in *Maher*, the strong public policy pronounced in the ISRA involves its substantive protections, not the choice of forum. I agree. Although there may be circumstances where a forum-selection clause effectively waives a sales representative's protections under the ISRA, this is not such a case. Wilkinson will have the same opportunity to litigate the merits of its lawsuit in New Jersey.[1] Moreover, assuming that *Maher* pronounces an Illinois public policy against venue outside Illinois for claims under the ISRA, that policy is not dispositive. *See Stewart Org.*, 487 U.S. at 31 n. 10, 108 S.Ct. 2239 ("[i]f a State cannot pre-empt a district court's consideration of a forum-selection clause by holding that the clause is automatically enforceable, it makes no sense for it to be able to do so by holding the clause automatically void").

The parties in the case at bar freely entered into a contract containing a provision designating venue in New Jersey. As discussed above, many of the witnesses are located in New Jersey, defendant Krups is a New Jersey corporation, and although Wilkinson may be inconvenienced, Wilkinson can litigate all of its claims fairly in New Jersey. Considering these factors in light of the strong presumption in favor of the validity of forum-selection clauses, Wilkinson's motion to transfer this case to the District of New Jersey is granted.

### Conclusion

For the reasons discussed above, this case is transferred to the District of New Jersey, Newark Division.

---

**1.** Although there is a choice-of-law provision in the Agreement, its validity is not at issue in this motion.