Perry **LAJAUNIE** Plaintiff,

v.

**L & M BO–TRUC RENTAL, INC.** Defendant.

No. CIV.A. G–02–375.

United States District Court, S.D. Texas, Galveston Division.

April 24, 2003.

Francis I. Spagnoletti, Spagnoletti & Assoc, Houston, TX, for Perry A. Lajaunie, plaintiff.

James T. Brown, Legge Farrow Kimmitt and McGrath, Houston, TX, William Porteous, Porteous Hainkel et al., New Orleans, LA, Chris J. McGrath, Legge Farrow et al., Houston, TX, for L & M Botruc Rental Inc., defendant.

## ORDER DENYING DEFENDANT L & M BO–TRUC RENTAL, INC.'S OPPOSED MOTION TO TRANSFER VENUE

KENT, District Judge.

On May 31, 2002, Plaintiff Perry Lajaunie ("Plaintiff") filed this personal injury lawsuit against Defendant L & M Bo–Truc Rental, Inc. ("Defendant") for back injuries he allegedly sustained while working aboard Defendant's vessel, the M/V C–TRUC NO. 6, at the Baker Hughes Dock in Cameron, Louisiana. On January 31, 2003, Defendant filed a Motion to Transfer Venue to the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1404(a), to which Plaintiff timely responded. For the reasons stated below, Defendant's Motion is **DENIED**.

### I.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). The decision to transfer a case rests within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436 ("A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.[1] *See, e.g., Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

### 1. Availability and Convenience of Witnesses and Parties

Defendant argues that this case should be transferred to the Eastern District of Louisiana because Plaintiff lives there, Defendant's corporate headquarters is there, and the majority of witnesses do not reside in Texas. Plaintiff responds that he does

---

1. In its previous transfer analyses, this Court accorded minimal weight to the location of counsel in balancing the venue factors. *See, e.g., Henderson*, 918 F.Supp. at 1066. The Fifth Circuit no longer considers the location of counsel to be relevant to transfer questions. *See In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir.2002) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."). Thus, this Court will no longer address the location of counsel in its transfer analyses.

*not* live in Louisiana, but in Galveston, Texas, and that although many of the witnesses do not reside in Texas, they also do not reside in the Eastern District of Louisiana.

■ In its Motion, Defendant identifies as potential witnesses the six other crewmen who were on the vessel at the time of the alleged injury, a contract welder who allegedly witnessed the accident, identified and unidentified corporate representatives of the Defendant, and expert (generally medical) witnesses. Although the convenience of witnesses is often considered the most important venue factor, *see Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D.Tex. 1994), as Defendant is undoubtedly aware, this Court has frequently opined that the convenience of key witnesses who are employees of the Defendant "is entitled to less weight because [the Defendant] will be able to compel their testimony at trial." *Continental Airlines*, 805 F.Supp. at 1397. Of the witnesses identified, the Court presumes the corporate representatives and the six crewmen are Defendant's employees and accords less weight to their convenience. Interestingly, however, the six crewmen reside neither in Texas, nor in Louisiana: three reside in Florida and three reside in Alabama. The Court submits that testifying in either location will be mildly inconvenient for these potential witnesses, but neither proposed venue is significantly more burdensome than the other. Of Defendant's non-employee witnesses, the contract welder (who has yet to be found) resides in Creole, Louisiana (in the Western District), two of the medical experts reside in the Western District of Louisiana, and the other resides in the Southern District of Texas. In addition, Plaintiff identifies as witnesses his treating physician and an economic expert, both of whom reside in the Southern District of Texas. The Court is unconvinced by this evidence that the potential witnesses would find a trial in the Eastern District of Louisiana any more convenient than a trial in Galveston.

The Court also weighs the Parties' convenience. Defendant submits that both Parties reside in the Eastern District of Louisiana, while Plaintiff states that he lives in Galveston. The Court will address this dispute in its discussion of the deference afforded to Plaintiff's choice of forum.

### 2. Relative Costs of Trial

■ Defendant argues that its expenses will be increased if the case remains in Galveston. Certainly, Defendant's expenses will be more if it has to travel away from its headquarters in the Eastern District of Louisiana. However, the Court does not agree that the total costs of trial will be increased if the case remains here. For example, the six crewmen, as well as many of the experts (including four in this District), will be forced to travel from their homes regardless of the trial's location. The Court will not transfer a case simply to shift costs from one Party to the other. *See McCaskey v. Continental Airlines, Inc.*, 133 F.Supp.2d 514, 528 (S.D.Tex.2001) (finding that shifting costs, as opposed to reducing total costs, does not support transfer).

### 3. Place of the Alleged Wrong

■ The place of the alleged wrong is a "very important factor in venue determinations." *Chretien v. Home Depot USA, Inc.*, 169 F.Supp.2d 670, 675 (S.D.Tex. 2001). The Court carefully examines cases where the Plaintiff is not a resident of and was not injured in the forum where he files. *See Henderson*, 918 F.Supp. at 1067 (observing that suits by nonresidents can work to delay the trials of resident plaintiffs). The Parties' dispute about Plaintiff's residence is discussed below. In any event, the Court notes that Plaintiff's al-

leged injury occurred in Cameron, which is in the Western District of Louisiana. Although this injury undeniably did not occur in Galveston, it also did not occur in the forum where Defendant seeks to transfer this lawsuit.[2] As such, the Court cannot agree that this factor favors transfer to the Eastern District of Louisiana. *See Van Dusen v. Barrack,* 376 U.S. 612, 645–46, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964) (noting that 28 U.S.C. § 1404(a) allows transfers to a more convenient forum, "but not one which is likely to prove equally convenient or inconvenient").

### 4. Location of Books and Records

■■■■ The location of books and records is not of paramount importance in a personal injury case. *See Dupre,* 810 F.Supp. at 826–27. Further, in this case, the records are evenly divided between the two proposed venues: most of Plaintiff's medical records are in Texas, while Defendant's business records are in the Eastern District of Louisiana.

### 5. Possibility of Delay and Prejudice

■■■■ This case was filed on May 31, 2002, and is set for trial in May 2003. Defendant's Motion to Transfer Venue was filed on January 31, 2003, eight months after Plaintiff filed his Complaint, and, pursuant to an extension of the response deadline, Plaintiff timely responded to Defendant's Motion on March 24, 2003. Although the Court views Defendant's Motion as entirely timely, the Court and Parties must acknowledge that transfers almost inevitably involve delays, as transferred cases move to the "end of the line," and the resolution of this case, which is set for trial *next month,* would undoubtedly be significantly delayed by a transfer.

### 6. Plaintiff's Choice of Forum

■■■■ While Plaintiff's choice of forum is generally entitled to deference, it is "neither conclusive nor determinative," *see In re Horseshoe Entm't,* 305 F.3d at 359, and the Court looks with great scrutiny at the choices of plaintiffs who file where they do not reside. *See Dupre,* 810 F.Supp. at 828. In its Motion to Transfer Venue, Defendant challenges Plaintiff's contention that he resides in Galveston, implying that the home address supplied by Plaintiff, an apartment on Seawall Boulevard, is fictitious. Defendant submits that Plaintiff resides in the Eastern District of Louisiana, citing as evidence Plaintiff's Louisiana driver's license, Plaintiff's deposition testimony that he flew in from Louisiana for his deposition and that his family members (who live in Louisiana) drive him where he needs to go, and Plaintiff's failure to attend his medical examination in Houston because he missed his flight out of Louisiana. Further, Defendant obliquely "notes that the alleged Galveston residence of this Plaintiff is the same rental address provided by other claimants represented by Plaintiff's counsel in prior unrelated suits." The Court assumes that this allegation, as well as the cited deposition testimony, is intended to imply that Plaintiff and Plaintiff's Counsel are misrepresenting Plaintiff's residence.

■■■■ Before addressing this matter, the Court notes that both Plaintiff's and Defense Counsel are well-known to the Court and are excellent advocates for their clients. Regarding Defendant's contentions, after thoroughly reviewing the record, the Court is not compelled to accept Defendant's suggestion that Plaintiff is misrepresenting his residence. Defendant's first allegation, that Plaintiff spends

---

**2.** In fact, Cameron, Louisiana is closer to Galveston than it is to New Orleans (154 miles to Galveston; 247 miles to New Orleans).

an inordinate amount of time in Louisiana, can be explained by the fact that Plaintiff's mother lives there and is ill. Defendant's second allegation, that Plaintiff's Counsel somehow secured the apartment for Plaintiff, is unpersuasive to the Court, whatever its purpose. First, Defendant's allegation is somewhat misleading. Defendant states that one of Plaintiff's Counsel's former clients gave "the same rental address" as his residence. In fact, these two plaintiffs listed the same apartment complex, but different apartment units. It does not tax the Court's imagination to assume that two plaintiffs before this Court resided in the same apartment complex. Regardless, the Court would not be offended if Plaintiff's Counsel had helped his client find, and even pay for, an apartment in this area, which is near Plaintiff's treating physician. The Texas Disciplinary Rules of Professional Conduct specifically allow lawyers to "advance ... reasonably necessary medical and living expenses" to clients, see Tex. Disciplinary R. Prof'l Conduct 1.08(d), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9), and in today's climate of nominal maintenance and cure payments, it would not surprise the Court if Plaintiff needed assistance with medical and living expenses during the pendency of his lawsuit. Thus, the Court accepts, for the purposes of this Motion, that Plaintiff resides in Galveston and accords due deference to his decision to file here.

 Defendant asks this Court to transfer this case to the Eastern District of Louisiana despite the fact that (1) Plaintiff does not reside there; (2) none of the other six crewmen reside there; (3) the eyewitness does not reside there; (4) none of the medical experts reside there; and (5) the accident did not occur there. Although Defendant has shown that Galveston is not entirely convenient for the witnesses and Parties, it has not met its burden of demonstrating that the proposed venue is any more convenient. Thus, this Court will not disturb Plaintiff's chosen venue.

II.

For all of the reasons set forth above, Defendant has failed to carry its burden of demonstrating to the Court that the Eastern District of Louisiana is a more convenient forum for this case. Accordingly, the Court hereby respectfully **DENIES** Defendant's Motion to Transfer Venue. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**