Linda L. **LYNGHOLM** and Daniel W. Lyngholm, Plaintiffs,

v.

**FEDEX GROUND PACKAGE SYS-TEMS, INC., Brent R. Mendenhall, and Lad Trucking, Inc., Defendants.**

No. 3:10–cv–00068–JEG.

United States District Court, S.D. Iowa, Davenport Division.

March 1, 2011.

priority over the proceeds of the hog sales.

Patrick W. Driscoll, Stanley Lande & Hunter, Davenport, IA, for Plaintiffs.

Robert L. Fanter, Amos E. Hill, Whitfield & Eddy PLC, Des Moines, IA, for Defendants.

## ORDER

JAMES E. GRITZNER, District Judge.

Before the Court is a motion by LAD Trucking (LAD) to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a); and a joint motion by Defendants FedEx Ground Package Systems, Inc. (FedEx) and Brent R. Mendenhall (Mendenhall) to transfer venue pursuant to 28 U.S.C. § 1404(a). Plaintiffs Linda Lyngholm (Ms. Lyngholm) and Daniel Lyngholm (D. Lyngholm) (collectively, Plaintiffs, or the Lyngholms) resist. On December 14, 2010, the Court conducted a hearing on the motions. Attorneys Robert Fanter and Amos Hill represented Defendants and Attorney Patrick Driscoll represented Plaintiffs. The motions are fully submitted and ready for disposition.

## I. BACKGROUND

On March 25, 2008, at approximately 2:40 p.m., Ms. Lyngholm was driving her passenger sedan eastbound on Interstate 80 near the town of Sutherland in Lincoln County, Nebraska. Compl. 2, ¶¶ 6–11. Mendenhall was driving an International tractor eastbound on Interstate 80 in Lincoln County just in front of Ms. Lyngholm. As Ms. Lyngholm moved into the left lane to pass Mendenhall's vehicle, pieces of mechanical equipment broke loose from Mendenhall's vehicle and fell on the interstate immediately in front of Ms. Lyngholm. According to Ms. Lyngholm, despite her efforts to avoid the debris falling off Mendenhall's vehicle, a drive shaft from Mendenhall's vehicle came through the front windshield of Ms. Lyngholm's sedan and struck Ms. Lyngholm in the upper left arm.

On March 25, 2010, the Lyngholms filed a petition in Iowa District Court for Scott County alleging Defendants FedEx and Mendenhall were negligent in the operation of a motor vehicle, which resulted in a traffic accident and injuries to Ms. Lyngholm. Notice of Removal 1, ¶ 1. Defendants FedEx and Mendenhall timely removed the case based upon diversity of citizenship. After removal, the Lyngholms successfully moved to add Defendant LAD Trucking to this action. ECF Nos. 8, 11. At all relevant times, the Lyngholms were residents of Scott County, Iowa; FedEx was a Delaware corporation with its principle place of business in the state of Pennsylvania; Mendenhall was a citizen of Utah; and LAD Trucking was a Utah corporation with its principal place of business in Salt Lake City, Utah. LAD Trucking Mot. 3.

## II. DISCUSSION

### A. LAD Trucking's Motion to Dismiss for Improper Venue [1]

 Defendant LAD Trucking moves to dismiss under Rule 12(b)(3) asserting

1. FedEx and Mendenhall removed this case from the Iowa District Court for Scott County to the U.S. District Court for the Southern District of Iowa, Davenport Division, asserting removal was "in accordance with the requirements of 28 U.S.C. §§ 1332, 1441, and 1446." Notice of Removal 3, ECF No. 1. "The general venue statute [28 U.S.C. § 1391] does not apply to a case which has been removed to federal court," instead "[t]he venue of a removed action is governed

venue in the Southern District of Iowa, Davenport Division, is improper because (1) LAD Trucking is a Utah resident with insufficient minimum contacts with the state of Iowa; (2) a substantial part of the events giving rise to the claims in this case occurred in Lincoln County, Nebraska; (3) Ms. Lyngholm received her immediate medical attention in Nebraska; and (4) Ms. Lyngholm's subsequent medical treatment and recovery in Scott County, Iowa, is not part of the conduct that gives rise to this lawsuit and does not make venue proper under 28 U.S.C. § 1391.

The general venue statute, in pertinent part, provides,

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391.

LAD Trucking is a Utah corporation with its principal place of business in Salt Lake City, Utah, and therefore resides outside this District. Plaintiffs do not contend, nor is there evidence to support a finding that LAD Trucking has sufficient minimum contacts with the state of Iowa. Finally, no substantial event giving rise to Plaintiff's negligence claims against LAD Trucking occurred in this District. The accident forming the basis of this litigation occurred in Lincoln County, Nebraska, which is also where Ms. Lyngholm received emergency medical treatment and where vehicle assistance was rendered. The only event that occurred in this District was Ms. Lyngholm's follow-up medical treatment, which does not constitute a substantial event *giving rise* to Plaintiffs' negligence claims against LAD Trucking. Because the provisions of section 1391 are not satisfied as to LAD Trucking, venue in this District is improper as to Defendant LAD Trucking. The Court must therefore determine the appropriate remedy under 28 U.S.C. § 1406(a). *See Poku v. FDIC,* 752 F.Supp.2d 23, 26–27 (D.D.C.2010) (reasoning that under the remedies for improper venue provided in section 1406(a), the "decision whether dismissal or transfer is in the interests of justice is committed to the sound discretion of the district court"); *Hicklin Eng'g, L.C. v. Bartell,* 116 F.Supp.2d 1107, 1113 (S.D.Iowa 2000) ("Having concluded that venue is improper in this district, the Court must next consider whether to dismiss the case or transfer it pursuant to 28 U.S.C. § 1406(a)." (citing

solely by 28 U.S.C. § 1441(a)." *Schuler v. SunOpta Food Group LLC,* Civil No. 3:07–cv–101, 2008 WL 4416447, at *2 (D.N.D. Sept. 24, 2008) ("[T]he United States Supreme Court has clearly stated that the general venue provisions of 28 U.S.C. § 1391 have no application to a removed action." (citing *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953))). Therefore, removing parties such as FedEx and Mendenhall cannot raise an improper venue challenge because it " 'is immaterial that the federal court to which the action

[wa]s removed w[as] not [] in a district of proper venue if the action had been brought []here originally.' " *Id.* (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3726, at 119–20 (3d ed.1998)). On the other hand, the general venue statute does apply to LAD Trucking, who was added as a defendant after removal, thus LAD Trucking is the only Defendant in this action that may permissibly raise a venue challenge under Rule 12(b)(3).

15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827 (1986))).[2]

■ Title 28 U.S.C. § 1406(a), which addresses waiver and cure for improper venue, states, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Regarding the remedies available under section 1406(a), the Supreme Court has said,

> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. . . . When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . "time-consuming and justice-defeating technicalities." It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired.

*Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (footnote omitted).

Plaintiffs' claims against LAD Trucking could have been brought in the District of Nebraska since a substantial part of the events or omissions giving rise to the claims in this case occurred in Lincoln County, Nebraska, which lies within the District of Nebraska. *See* § 1391(a)(2). For these reasons, and for the reasons discussed *infra* regarding the motions to transfer, the Court finds that transfer rather than dismissal is in the interests of justice. *See Poku,* 752 F.Supp.2d at 27 ("Generally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them." (citing *Goldlawr,* 369 U.S. at 466–

---

**2.** Plaintiffs suggest that *RK Dixon Co. v. Dealer Marketing Services,* 284 F.Supp.2d 1204 (S.D.Iowa 2003), a case that was previously before this Court, is remarkably similar to the present case and urge the Court to similarly deny LAD Trucking's motion to dismiss.

In *RK Dixon,* the plaintiff brought a breach of contract and repudiation of contract action in the Iowa District Court for Scott County. *Id.* at 1205. The same day at approximately the same time, the defendant filed a parallel action in the U.S. District Court for the Central District of Illinois. The defendant timely removed the Iowa state court action to this Court based upon diversity of citizenship. The plaintiff moved to remand, and the defendant moved to dismiss under the "first-filed" rule and under Rule 12(b)(3) for improper venue. *Id.* at 1206. This Court found removal was proper and denied plaintiff's motion to remand. *Id.* at 1213. In ruling on the defendant's motion to dismiss, this Court first noted that the defendant's motion to dismiss was "based primarily on the first-filed rule," and then denied the motion concluding that the "dead-heat" exception to the first-filed rule precluded dismissal. *Id.* at 1215. Thus, the denial of the motion to dismiss was based upon an exception to the first filed rule and not based upon Rule 12(b)(3). Furthermore, while this Court did not reach the Rule 12(b)(3) motion to dismiss for improper venue, the motion was futile because the defendant in *RK Dixon,* like Defendants FedEx and Mendenhall in the present case, removed based upon diversity of citizenship under § 1441(a) and waived any venue objection. *See* discussion *supra* n. 1.

67, 82 S.Ct. 913; *James v. Booz–Allen*, 227 F.Supp.2d 16, 20 (D.D.C.2002))); *Hicklin Eng'g*, 116 F.Supp.2d at 1113 ("Having concluded that venue is improper in this district, ... [t]he Court finds that it is in the 'interest of justice' to transfer this case to the Eastern District of Wisconsin. By avoiding the need for a new filing in Wisconsin, significant money and time are saved." (citations and footnote omitted)).

### B. Defendants' Motion to Transfer Venue

FedEx, Mendenhall, and LAD Trucking (collectively, Defendants) move to transfer venue pursuant to 28 U.S.C. § 1404(a), asserting transfer is appropriate because (1) Defendants acknowledge that they are subject to venue in the U.S. District Court for Nebraska because the motor vehicle accident giving rise to this lawsuit occurred in that district; (2) minimal trial preparation has been conducted and minimal expense has been incurred by the respective parties; (3) all immediate post-accident emergency medical care was rendered by Nebraska ambulance and hospital personnel, the accident was investigated by Nebraska State Troopers, and tow truck drivers and vehicle mechanics who have factual information relevant to this lawsuit are located in Nebraska; (4) Ms. Lyngholm's subsequent medical treatment and recovery in Scott County, Iowa, is not part of the conduct that "giving rise" to this lawsuit; and (5) the U.S. District Court for the District of Nebraska is likely more familiar with Nebraska law governing this lawsuit than the U.S. District Court for the Southern District of Iowa.

 The federal transfer statute, 28 U.S.C. § 1404(a), provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A transfer analysis pursuant to

section 1404(a) includes a three-factor balancing test: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir.1997). "District courts are not limited to the factors enumerated in the statute but may consider all relevant factors." *Wells Fargo Fin. Leasing, Inc. v. Orlando Magic Ltd.*, 431 F.Supp.2d 955, 966 (S.D.Iowa 2006). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l*, 119 F.3d at 695.

#### 1. Venue in the District of Nebraska

 "The initial inquiry in ruling on a motion under § 1404(a) is whether this case might have been brought in the [District of Nebraska]." *Biometics, LLC v. New Womyn, Inc.*, 112 F.Supp.2d 869, 875 (E.D.Mo.2000) (quotation marks omitted). As previously discussed, the accident giving rise to this action occurred in Lincoln County, Nebraska, thus venue is proper in the District of Nebraska. *See* 28 U.S.C. § 1404(a).

#### 2. Convenience Factors

 In balancing the convenience factor, the Court may consider

(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l, Inc.*, 119 F.3d at 697. "Merely shifting the inconvenience from one side to

the other ... is not a permissible justification for a change of venue." *Id.* at 696–97 (quoting *Scheidt v. Klein,* 956 F.2d 963, 966 (10th Cir.1992)); *see Lajaunie v. L & M Bo–Truc Rental, Inc.,* 261 F.Supp.2d 751, 754 (S.D.Tex.2003) (concluding that shifting costs, rather than reducing them, does not support transfer).

### a. Convenience of the Parties

█ Defendants argue (1) although Iowa may be more convenient for the Lyngholms, it is not more convenient for Defendants because they do not reside in Iowa, and (2) Nebraska substantive law applies, which supports Defendants' contention that District of Nebraska is a more convenient and appropriate forum for the parties in resolving this matter. Plaintiffs resist, arguing that none of the Defendants are citizens of Nebraska, making the District of Nebraska no more convenient for Defendants than the Southern District of Iowa. Plaintiffs assert that the District of Nebraska courthouse in North Platte, Nebraska, which is the closest U.S. District courthouse to the situs of the accident, is inconvenient for all parties because the airport in North Platte has a limited number of flights, and the courthouses in Lincoln and Omaha, Nebraska, are equally inconvenient because they are remote from

the offices of Defendants' counsel located in Des Moines, Iowa.

Plaintiffs inaccurately portray that if transferred to the District of Nebraska, this case would be litigated in North Platte, which is inconvenient for all parties. Upon transfer to the District of Nebraska, the parties would have the option of consenting to proceed in the U.S. District Courthouse in Omaha, which is located minutes from a large regional airport with an abundance of daily flights, hotels, and other accommodations.[3]

█ Plaintiffs reside in Scott County, Iowa, obviating Plaintiffs' resistance to transfer this case out of the U.S. District Court for the Southern District of Iowa, Davenport Division, which is located in Scott County. On the other hand, if the case is transferred to the District of Nebraska, Defendants would have access to a larger regional airport, making travel accommodations more convenient for the Defendants. Contrary to Plaintiffs' assertion, the U.S. District Courthouse in Omaha is located 135 miles from Des Moines and thus closer in proximity to Defendants' Des Moines-based counsel than is the U.S. District Courthouse in Davenport, which is 169 miles from Des Moines.[4] However, even if the U.S. District Courthouse in Omaha is more convenient for Defendants'

---

3. Eppley Airfield in Omaha, Nebraska is the regional airport that services Omaha and surrounding areas. In 2010, Eppley Airfield emplaned 2,147,906 passengers. *See* Omaha Airport Authority, Facts & Statistics, http://www.flyoma.com/airport-authority/statistics (last visited Feb. 22, 2011). By comparison, in 2010 Des Moines International Airport in Des Moines, Iowa, emplaned 914,587 passengers, *see* Des Moines International Airport, Passenger Statistics (Feb. 22, 2011), http://www.dsmairport.com; and the airport nearest Scott County, Iowa, the Quad City International Airport in Moline, Illinois, emplaned 481,008 passengers, *see* Quad City International Airport, About Us—What's New: 2010 Third Best Year in History, http://qcairport.

com/2010–3rd–best–history (last visited Jan. 18, 2011).

4. The mileage distances are calculated between the U.S. District Courthouses in Omaha, Nebraska; Des Moines, Iowa; and Davenport, Iowa. *See* Google Maps, http://maps.google.com/ maps? (last visited Feb. 22, 2011) (select "get directions"); under destination "A" enter "111 S 18th Plz # 1152, Omaha, NE 68102–1322 (U.S. District Court Clerk)"; for "B" enter "123 E Walnut St # 300, Des Moines, IA 50309–2084 (U.S. District Court Clerk)"; click "Add Destination" to get "C" and enter "134 East 4th Street, Davenport, IA 52801 (U.S. District Court)."

counsel and no less convenient to the Defendants than is the U.S. District Courthouse in Davenport, transferring the case would merely shift the inconvenience from the Defendants to the Plaintiffs. Moreover, "it is axiomatic that convenience to [the parties'] counsel is not a factor to be considered in deciding the propriety of transfer." *Amazin' Raisins Int'l, Inc. v. Ocean Spray Cranberries, Inc.*, 2004 WL 2595896, at *3 (D.Minn. Nov. 15, 2004) (quoting *Nelson v. Soo Line R.R., Co.*, 58 F.Supp.2d 1023, 1027 (D.Minn.1999)).

The convenience of parties factor is neutral at best and does not weigh in favor of transfer.

### b. Convenience of the Witnesses

■ Defendants next argue that transferring this case to the District of Nebraska would be more convenient for Defendants' non-party witnesses because the great majority of witnesses to offer testimony regarding liability reside in or near the situs of the accident near Sutherland, Nebraska, including the emergency medical personnel, the Nebraska State Troopers, and the company who performed the repairs to LAD Trucking's vehicle. Defendants contend that the six medical personnel Plaintiffs identify as witnesses bear little significance in the convenience analysis because the Plaintiffs will likely rely on the deposition testimonies of those witnesses. Plaintiffs argue that Nebraska medical personnel rendered only seventy minutes of medical treatment to Ms. Lyngholm, whereas she later received substantial treatment from medical personnel in the Quad Cities area, for whom it would be inconvenient to travel to Nebraska.

■ "The convenience of non-party witnesses is generally considered to be one of the most important factors to be weighed in the venue transfer analysis." *Medicap Pharms., Inc. v. Faidley*, 416 F.Supp.2d 678, 687 (S.D.Iowa 2006). "The Court 'must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum. The burden is on the defendant to provide these facts by way of affidavit or other information." *Wells Fargo Fin. Leasing, Inc. v. NCH Healthcare Sys., Inc.*, 756 F.Supp.2d 1086, 1101 (S.D.Iowa 2010) (quoting *Reid–Walen v. Hansen*, 933 F.2d 1390, 1396 (8th Cir.1991)).

The testimonies of the Nebraska State Trooper, the mechanics, and the emergency medical personnel that all assisted shortly after the accident are relevant in defending and prosecuting Plaintiffs' negligence claims. As Defendants suggest, those witnesses are located in or near Sutherland, Nebraska, which is 300 miles from the Iowa–Nebraska border, and outside this Court's subpoena power. *See* Fed.R.Civ.P. 45(b)(2)(C) (stating that "a subpoena may be served at any place ... outside [the issuing] district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection"). On the other hand, if this case is transferred to the District of Nebraska, Plaintiffs' six non-party witnesses located in Scott County, Iowa, would be outside that court's subpoena power.

■ In examining the materiality and importance of those witnesses' anticipated testimonies, the Court notes that the most pertinent distinction between Defendants' non-party witnesses on one side and Plaintiffs' non-party witnesses on the other are the temporal connection of the two sides to this case. Plaintiffs' non-party witnesses will testify regarding medical and mental health treatment Ms. Lyngholm sought in the days, weeks, or months after the accident. Thus, those witnesses will not testify regarding the events *giving rise* to the accident that forms the basis of Plaintiffs' negligence claims; instead, their testimonies will bear upon Plaintiffs' damages.

On the other side, Defendants' non-party witnesses will testify regarding the medical or vehicular assistance they provided at or near the scene of the accident, thereby giving the testimonies of Defendants' non-party witnesses temporal proximity to the events *giving rise* to Plaintiffs' negligence claims. Under Nebraska law, to prevail on a negligence claim, a plaintiff must prove duty, breach, and causation, in addition to damages. *See Steele v. Sedlacek,* 267 Neb. 1, 673 N.W.2d 1, 6 (2003). Because the testimonies of Defendants' non-party witnesses will pertain to more than only the damages element of Plaintiffs' claims, Defendants' "non-party witnesses seem more critical to the resolution of this litigation than the non-party witnesses that [P]laintiffs have identified. Because of the preference for live testimony from these critical nonparty witnesses, this factor weighs in favor of transfer." *Sissel v. Klimley,* No. 3:08–cv–00062–JAJ, 2009 WL 700186, at *4 (S.D.Iowa Mar. 16, 2009).

### 3. Interests of Justice

■ "Relevant, and somewhat overlapping, factors" courts consider in evaluating whether the interests of justice warrant transfer include "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l,* 119 F.3d at 696.

■ Defendants argue that in the interest of justice this case should be transferred to District of Nebraska because (1) the case is still in its infancy and no extensive preparation has been conducted or significant expenses incurred; (2) Nebraska substantive law applies and the District of Nebraska is likely more familiar with Nebraska law; (3) not a single event *giving rise* to this cause of action occurred in Iowa; and (4) there is no reason to believe that the District of Nebraska would be a more expensive place to litigate this lawsuit, that the parties' ability to enforce a judgment rendered in Nebraska would be impacted, or that the parties are less likely to receive a fair trial in Nebraska. Plaintiffs counter that discovery in this case has been pro-pounded, a trial date has been set, and the Southern District of Iowa is perfectly capable of applying Nebraska law.

It is undisputed that Nebraska law will control the claims in this case. LAD Br. 11; Pls.' Br. 5. This Court, while capable of applying Nebraska law, has expended relatively minor judicial resources at this point in the litigation, thus having a court sitting in Nebraska determine questions of Nebraska law weighs slightly in favor of transfer.

■ As for the Plaintiffs' choice of forum, while "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum, ... [t]his 'general' practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one." *In re Apple, Inc.,* 602 F.3d 909, 913 (8th Cir. 2010) (per curiam) (quoting *Terra Int'l,* 119 F.3d at 695). In this case, the Court must consider Plaintiffs' own actions when considering the deference to be afforded Plaintiffs' choice of forum. Here, Plaintiffs chose the Iowa District Court for Scott County as its forum. FedEx and Mendenhall properly removed the case to federal court, thereby waiving a venue challenge. Had FedEx and Mendenhall moved to transfer at that juncture, Plaintiffs' choice of forum may have carried the day. However, Plaintiffs then added LAD Trucking to this litigation. As previously discussed, this is not the proper venue as to LAD Trucking, making it necessary to

transfer Plaintiffs' claims against LAD Trucking to the District of Nebraska, which is a proper venue. Thus, Plaintiffs' own course of action adding a defendant as to whom venue is improper necessarily detracts from the deference generally afforded a plaintiff's choice of forum. Because Plaintiffs' claims against all Defendants in this case are based upon the same operative facts, trying all claims in one proceeding, which cannot occur in this forum, rebuts the presumption that Plaintiffs' choice of forum is a convenient one.[5] *See id.*

The factors of the parties' comparative costs of litigating in each forum, the ability to enforce a judgment, obstacles to a fair trial, and conflicts of law are in equipoise. Because the presumption of convenience of Plaintiffs' choice of forum was rebutted when Plaintiffs added LAD Trucking as a Defendant in a district where venue was improper and because judicial economy is accomplished by trying all Plaintiffs' claims in one case rather than in piecemeal litigation, the Court finds that the interest of justice weighs in favor of transfer. *See, e.g., Cabot v. Wyeth LLC,* Civil No. 10–729 (JNE/AJB), 2010 WL 4284559, at *2 (D.Minn. Oct. 20, 2010) (concluding transfer to U.S. District Court for the District of Washington where the plaintiff and witnesses were located was in the interests of justice because the convenience of witnesses and parties and judicial economy weighed in favor of transfer); *Textron Fin. Corp. v. KrystalKoach, Inc.,* No. 4:10CV305MLM, 2010 WL 2132662, at *3–5 (E.D.Mo. May 26, 2010) (considering all the relevant transfer factors under § 1404, and concluding that the interests of justice

favored transfer to the U.S. District Court for the Central District of California because the "operative facts relevant to the outcome of this case are more significantly related to California than they [we]re to Missouri," and thus outweighed the other factors, which were either neutral or did not favor transfer); *Charron v. Great N. Ry. Co.,* 309 F.Supp. 1386, 1387 (D.Minn. 1970) (granting the defendant's motion to transfer to the District of North Dakota for the convenience of witnesses and in the interests of justice because North Dakota was the location plaintiff sustained his injuries and the location of the potential witnesses, which included the medical personnel that treated the plaintiff following the accident).

### III. CONCLUSION

For the stated reasons, LAD Trucking's motion to dismiss must be **denied,** and its alternative motion to transfer based on improper venue (ECF No. 15) must be **granted.** FedEx and Mendenhall's motion to transfer (ECF No. 14) must be **granted.** The Clerk of Court is directed to transfer this case to the U.S. District Court for the District of Nebraska.

**IT IS SO ORDERED.**

---

**5.** Plaintiffs and Defendants again cite the *RK Dixon* case in regard to the motion to transfer; however, in that case, this Court denied defendant's alternative motion to transfer finding the forum selection clause weighed heavily against transfer. *RK Dixon Co.,* 284 F.Supp.2d at 1205 ("[T]he presence of a forum selection clause has been singled out as a relevant factor to be considered by the court in making a § 1404 transfer determination."). There is no forum selection clause at issue in this case making the outcome of the motion to transfer in *RK Dixon* inapplicable to the present case.