**MICRO–SURFACE FINISHING PRODUCTS, INC.,**
Plaintiff,

v.

**SDI, INC., Defendant.**

**No. 3:15–cv–00010–JEG**

United States District Court,
S.D. Iowa, Davenport Division.

Signed May 1, 2015

---

Kevin J. Caster, Dana L. Oxley, Shuttleworth & Ingersoll, Cedar Rapids, IA, for Plaintiff.

Jeffrey A. Stone, Chad D. Brakhahn, Simmons Perrine Moyer & Bergman PLC, Cedar Rapids, IA, for Defendant.

## ORDER

JAMES E. GRITZNER, Senior Judge, U.S. DISTRICT COURT

This matter comes before the Court on Motion to Dismiss pursuant to Prior Pending State Court Action and for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) brought by Defendant SDI, Inc. (SDI). Plaintiff Micro–Surface Finishing Products, Inc. (MSFP) resists. The parties have not requested a hearing, and the Court finds no hearing is necessary in resolution of this motion. The matter is fully submitted and ready for disposition.

## I. BACKGROUND

MSFP filed this breach of contract action against SDI on December 18, 2014, in the Iowa District Court for Scott County. MSFP served SDI with summons and complaint on January 2, 2015; and on January 22, 2015, SDI removed the case to U.S. District Court for the Southern District of Iowa, Eastern (Davenport) Division, based on diversity of citizenship jurisdiction.

MSFP's petition alleges that on September 15, 2014, MSFP and SDI entered into a written contract for the sale of goods; a copy of the sales invoice is attached to the petition. Pointing to language contained in the contract, MSFP alleges SDI knowingly and voluntarily consented to be subject to the jurisdiction of the State of Iowa for the purposes of adjudicating the parties' rights and liabilities under the contract and to venue in Scott County, Iowa. MSFP's petition further alleges that it fulfilled its obligations under the contract, that SDI accepted the first lot of goods under the contract, and then SDI repudiated the contract by refusing to pay MSFP the $175,000 in exchange for purchased sanding discs supplied by MSFP.

On January 29, 2015, SDI filed this motion to dismiss asserting that three weeks before MSFP filed this action, SDI filed a case against MSFP in Pennsylvania state court and therefore this Court should dismiss this action under *Colorado River Water Conservation District v. United States,*

424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). SDI alternatively argues that dismissal is appropriate because venue is improper in this Court under Rule 12(b)(3).

## II. DISCUSSION

### A. Jurisdiction

SDI timely removed this breach of contract action, *see* 28 U.S.C. § 1446(b), asserting diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. MSFP is an Iowa corporation with its principal place of business in Scott County, Iowa. SDI is a Pennsylvania corporation with its principal place of business in Bucks County, Pennsylvania. In its petition, SDI alleges damages in excess of $75,000. This Court has original jurisdiction over this matter because there is complete diversity of citizenship between MSFP and SDI and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### B. Standard for the Motion

 On a motion to dismiss for improper venue pursuant to Rule 12(b)(3), the Court applies the same standard as used for other motions to dismiss. *See Safco Prods. Co. v. WelCom Prods., Inc.,* 730 F.Supp.2d 959, 964 (D.Minn.2010). "On a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings." *Aggarao v. MOL Ship Mgmt. Co.,* 675 F.3d 355, 365 (4th Cir.2012).

### C. Improper Venue

 SDI removed this case "pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446." Notice of Removal 1, ECF No. 1. However, SDI moves to dismiss for improper venue under Rule 12(b)(3) and argues that once venue is challenged, *the plaintiff* bears the burden of proving that venue is proper. For this proposition, SDI cites this Court's decision in *Intercoast Capital Co. v. Wailuku River Hydroelec-*

*tric Limited Partnership,* No. 4:04–cv–40304, 2005 WL 290011, at *1 (S.D.Iowa Jan. 19, 2005). *Intercoast Capital,* however, is readily distinguishable from the present case. *Intercoast Capital* originated in this Court; therefore, once challenged, the plaintiff bore the burden of demonstrating its chosen venue was proper. In this case, Defendant SDI removed this case to federal court and thus bore the burden of demonstrating venue was proper upon removal. *See generally* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §§ 1352, 3726.

As SDI accurately points out, venue of removed cases is governed by 28 U.S.C. § 1441(a), and the general venue statute, 28 U.S.C. § 1391, has no application. *See Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953) ("[O]n the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by [§ ]1441(a) ...."); *accord Lyngholm v. FedEx Ground Package Sys., Inc.,* 827 F.Supp.2d 912, 916 (S.D.Iowa 2011).

Section 1441(a) in pertinent part states as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

After asserting § 1441*(a)* applies, SDI then inexplicably quotes § 1441*(e)(6)* and asserts this court can "transfer or dismiss an action *on the ground of inconvenient forum.*" SDI's Reply 1, ECF No. 8 (emphasis added) (quoting § 1441(e)(6)). SDI disregards that

[t]his action was not "brought" in the District Court, nor was [SDI] "sued" [here]; the action was brought in a state court and removed to the District Court. Section 1441(a) expressly provides that the *proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending."* *Polizzi,* 345 U.S. at 666, 73 S.Ct. 900 (emphasis added) (quoting § 1441(a)).

█ This case was filed in the Iowa District Court for Scott County. The Southern District of Iowa, Davenport Division, is the district embracing Scott County. *See* 28 U.S.C. § 95(b)(5). Venue is not only proper in this district, but is compelled by § 1441(a). SDI's choice of law argument does not change this result. *See High Plains Const., Inc. v. Gay,* 831 F.Supp.2d 1089, 1098 (S.D.Iowa 2011) (denying removing defendant's Rule 12(b)(3) motion for improper venue based on a forum selection clause noting that the defendants had properly removed the case to the district court embracing where the action was pending concluding that "[s]ince Defendants properly removed the cause of action, the forum selection clause does not defeat the Court's statutorily proper venue"). As the removing party, SDI is foreclosed from challenging venue under Rule 12(b)(3).[1]

### D. *Colorado River*[2] Abstention

SDI also asserts dismissal or stay is appropriate under the *Colorado River* abstention doctrine because MSFP filed this parallel action in Iowa courts in an effort to evade a prior pending action in Pennsylvania state court involving the same parties and the same narrow issue.

Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."

*Colo. River Water,* 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *Cnty. of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959)).

Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction [ ]. As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them. Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circum-

---

1. The motion before the Court does not require the Court to determine whether the choice of law provision incorporated by reference in SDI's purchase order or the forum selection clause on the face of MSFP's invoice along with the choice of law provision incorporated by reference therein apply to MSFP's breach of contract claim.

2. *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

stances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist.

...In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forum. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal.

*Id.* at 817–18, 96 S.Ct. 1236 (internal quotation marks and citations omitted).

Six non-exhaustive factors have been developed to determine whether, in the case of parallel state and federal proceedings, exceptional circumstances warrant abstention. These six factors are: (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) wheth-

er state or federal law controls, especially favoring the exercise of jurisdiction ·where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Fru–Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir.2009) (quoting *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir.2006)).

### 1. Parallel Proceedings

■ "As a threshold matter,.. there must be pending parallel state and federal court proceedings before *Colorado River* is implicated." *Id.* at 535.

■ On November 20, 2014, SDI filed a "Praecipe to Issue Writ of Summons—Civil Action" requesting the court issue a writ of summons against MSFP. Along with the praecipe, SDI filed a Civil Cover Sheet marking boxes that indicated it was commencing the action with a writ of summons, it was not requesting money damages, and that the nature of the case was a declaratory judgment action. The writ of summons was issued the same day, which SDI served upon MSFP via FedEx on November 25, 2014. SDI did not file a complaint in that action.[3] While the filing of a praecipe and writ of summons thereupon is enough to toll the statute of limitations and put MSFP on notice that it was being sued by SDI, the filing of the writ of summons did not alert SDI to a cause of action nor did it trigger the time for responsive pleading or removal. *See, e.g.,* Pa. R. Civ. P. 1017 ("[T]he pleadings in an action are limited to ... a complaint and an answer thereto...."); Pa. R. Civ. P. 1026 ("[E]very pleading subsequent to the complaint shall be filed within twenty days

**3.** A search of the Pennsylvania Court of Common Pleas, Bucks County Prothonotary's Public Access System, case number 2014–08119, shows there has been no further activity in the case, *see* http://www.buckscounty.org/ government/rowOfficers/Prothonotary (follow Prothonotary's Public Access System link; in case number box enter *2014–08119) (last visited April 29, 2015).

after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."); *Hoeke v. Mercy Hosp. of Pittsburgh*, 254 Pa.Super. 520, 386 A.2d 71, 75 (1978) ("[A] writ of summons [is] not a pleading so that it [is] not immediately susceptible to attack by preliminary objections. Furthermore, the rules require all preliminary objections to be raised at the same time, and most objections cannot be raised until a complaint is filed."); *see also, e.g., Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir.2005) ("[A] writ of summons alone can no longer be the 'initial pleading' that triggers the 30–day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)).

From what the Court can discern from the civil cover sheet, the praecipe to issue writ of summons, the writ of summons, and the docket sheet filed in the Pennsylvania Court of Common Pleas, Bucks County, SDI commenced a declaratory judgment action and requested no money damages; there is no indication what type of equitable relief SDI seeks. On the other hand, there is no dispute that the case before this Court is a breach of contract action for money damages. SDI argues that there is only one dispute between the parties and therefore MSFP is being "coy" in claiming that because the writ of summons provides no details, it does not know the basis of SDI's Pennsylvania action.[4]

This argument, however, misses the point. MSFP's actual knowledge of the dispute between the parties does not put MSFP on notice as to the causes of action SDI plans to bring against MSFP. More importantly, the motion before this Court asks the Court to abstain from proceeding with this case in favor of the Pennsylvania action. At the most fundamental level, it is apparent these are not parallel actions.

### 2. Six Factors

Even if the threshold requirement of a parallel action in state court had been met, the factors in determining whether abstention is warranted are lacking. *Fru–Con Const.*, 574 F.3d at 544.

#### a. Established Jurisdiction over the Res

There is no res over which the court has established jurisdiction; therefore, the first factor is neutral.

#### b. Inconvenience of the Federal Forum

SDI argues the federal forum is inconvenient because SDI is a Pennsylvania corporation located in Bucks County, Pennsylvania; the facts underlying the cause of action began in Pennsylvania; MSFP is trying to evade and circumvent Pennsylvania courts by fleeing to Iowa; there is already a pending action in Pennsylvania; Pennsylvania law applies; the product at issue was shipped to Pennsylvania; and any judgment would be enforced in Pennsylvania. SDI acknowledges that the contract cited by MSFP has a forum selection clause that points to Iowa but

---

**4.** Attached to SDI's Reply is a letter dated November 24, 2014, sent from SDI's counsel to MSFP's counsel requesting resolution of the dispute between SDI and MSFP over SDI's purchase of sanding discs from MSFP. The letter detailed, inter alia, that a typographical error on a purchase order completed by SDI resulted in SDI ordering, and being billed for, one hundred times the quantity of sanding discs intended. The letter explained that SDI took steps to rectify the error to no avail. The letter concluded that it was SDI's preference to resolve the situation amicably but informed that SDI had nonetheless filed a praecipe for issuance of writ of summons with the Court of Common Pleas of Bucks County. A copy of the writ was enclosed with the letter.

counters that clause does not apply because SDI's purchase order incorporates by reference SDI's terms and conditions found on SDI's website, which include a Pennsylvania choice of law provision.

SDI's portrayal of the cause of action in Pennsylvania state court is not supported by the record. The case pending in the Pennsylvania Court of Common Pleas is a declaratory judgment action asking for non-monetary relief, not a breach of contract action. MSFP did, on the other hand, file a breach of contract action in Iowa state court,. which SDI voluntarily removed to federal court. It is, therefore, inconsistent for SDI to rely upon terms of a contract in arguing the federal forum is inconvenient when the federal forum is the only forum in which a contract action currently lies. Further, the purchase agreement SDI relies upon does not refer to nor provide a choice of law provision on its face, but instead points to the company's website where "Standard PO T & C's [sic] are incorporated by reference posted at http://www.sdi.com/about/PO-terms-and-conditions." SDI Reply Ex. C, ECF No. 8–4. Paragraph fifteen of SDI's terms and conditions, which is titled "Miscellaneous," indicates that "this contract incorporates the Uniform Commercial Code as adopted in Pennsylvania, and shall be controlled by and interpreted according to Pennsylvania laws and is the complete understanding and agreement of the parties to the applicable Contract." SDI Reply Ex. B, ECF No. 8–3. The face of MSFP's invoice, on the other hand, contains a forum selection clause, which states, "Legal enforcement of this agreement maybe brought by the Seller in U.S. District Court for the Southern District of Iowa or in the Iowa District Court in Scott County, IA. All sales are expressly subject to Micro–Surface Finishing Products, Inc. Terms and Conditions for Sale of Goods and Services, which are incorporated by this reference and may be viewed [at Micro–Surface.com]." *Id.* Paragraph 14 of the terms and conditions of sale on MSFP's website, titled "Applicable Law," in pertinent part provides as follows:

> The validity, performance and all other matters relating to the interpretation and effect of this agreement shall be governed by the law of the state of Iowa, USA. Buyer and Micro–Surface agree that the proper venue for all actions arising in connection herewith shall be only in state and federal courts located in Scott County, the state of Iowa, USA, and the parties agree to submit to such jurisdiction. . . .

Micro–Surface Finishing Products, *Terms and Conditions of Sale,* available at https://micro-surface.com/index (follow Terms and Conditions of Sale hyperlink).

Despite SDI's assertions to the contrary, it is far from decided that SDI's purchase order controls the contract dispute before this Court. Upon this record, the inconvenience of the federal forum factor weighs against abstention.

### c. Piecemeal Litigation and Case Progress

Regarding the third and fourth factors, SDI reiterates its contention that the Pennsylvania action and this case are exactly the same and asserts the potential for piecemeal litigation in this case is significant because SDI already initiated the Pennsylvania action by filing and serving a writ of summons against MSFP, which MSFP chose to ignore and instead instituted this piece–meal litigation at a later date.

SDI greatly overstates the posture and progress of the Pennsylvania action. As previously noted, the Pennsylvania action is a declaratory judgment action for unspecified relief and no money damages, whereas the present case is a breach of contract action with a request for money damages. Although SDI did commence an action by filing and serving the writ of

summons upon MSFP, the writ of summons is not a pleading and therefore did not trigger a responsive pleading. *See* Pa. Rules of Civ. P. 1017, 1026. In the present case, MSFP filed its action in state court, which was timely removed by SDI. SDI filed the present motion. A scheduling order has been filed in this case, and a jury trial date has been set for June 20, 2016. Conversely, nothing has transpired in the Pennsylvania action since service of the writ of summons. On the record before the Court, there appears to be little risk of piecemeal litigation as the two cases are different and there has been virtually no progress in the Pennsylvania action. The third and fourth factors weigh against abstention.

### d. Controlling Law

■ State law applies to the declaratory judgment action in Pennsylvania state court as well as to the contract action in this Court. SDI argues Pennsylvania law applies, whereas MSFP argues that Iowa law, as well as an Iowa forum, apply. SDI argues there is no reason for this Court to wade into a state court dispute already pending in Pennsylvania and that it is a waste of judicial resources when a pending state court proceeding is fully capable of justly hearing this case.

Despite SDI's insistence to the contrary, there is a dispute as to which controls: the choice of law provision on SDI's website incorporated by reference on SDI's September 15, 2014, purchase order, or the forum selection provision on the face of MSFP's invoice together with the choice of law provision incorporated by reference from MSFP's website. SDI does not argue, nor does the record show, that SDI's purchase order contains or incorporates by reference a forum selection clause. Therefore, even assuming SDI's choice of law provision applies, this Court sitting in diversity is capable of applying Pennsylvania law in the event SDI's choice of law provision prevails.

The controlling law factor is at best neutral regarding the propriety of abstention.

### e. Adequacy of State Forum

■ The final factor is whether the state forum would protect MSFP's rights. The parties appear to agree that the U.C.C. controls the contract dispute that is before this Court. Both Pennsylvania and Iowa have adopted the U.C.C. regarding the sale of goods. *See, e.g.*, *Keystone Bank v. Flooring Specialists, Inc.*, 513 Pa. 103, 518 A.2d 1179, 1185 (1986) ("The Act of April 6, 1953, P.L. 3, was the legislation by which Pennsylvania became the first state to adopt the Uniform Commercial Code."); *C & J Vantage Leasing Co. v. Outlook Farm Golf Club, LLC*, 784 N.W.2d 753, 757 (Iowa 2010) ("Iowa has adopted the Uniform Commercial Code (UCC), codified as Iowa Code chapter 554."). Thus, the Pennsylvania court would be an adequate forum for the adjudication of a breach of contract action whether applying the law of Iowa or the law of Pennsylvania. However, as repeatedly stated herein, there is no pending breach of contract action in Pennsylvania. In considering whether Pennsylvania action would protect MSFP's rights, this Court would have to assume that (1) the Pennsylvania action will progress, and (2) that MSFP would be allowed to file a counterclaim for breach of contract. SDI asserts that "instead of sit idly by until SDI filed a complaint," MSFP could have compelled SDI to file a complaint under Pa. R. Civ. P. 1037(a). SDI Reply 3 n.2, ECF No. 8. Not only was MSFP not required to take such action, what MSFP could have done is not the standard by which this Court measures whether there is a parallel state proceeding nor determines whether the state forum is adequate for protecting the federal

plaintiff's rights. *See Fru–Con Const.*, 574 F.3d at 544 ("Therefore, in light of the principles underlying *Colorado River* abstention, it only makes sense for the district court to view the state and federal proceedings as they currently exist to determine whether its discretion to abstain is triggered."). Under the circumstances as they currently exist, the sixth factor weighs against abstention.

Even if the Pennsylvania action and the case before this Court could be construed as parallel actions and thus met the threshold requirement for application of the *Colorado River* abstention doctrine, after a consideration of all the relevant factors, the Court finds a complete absence of exceptional circumstances to justify this Court's abdication of its obligation to decide the case properly before it. *See Colo. River Water*, 424 U.S. at 813, 96 S.Ct. 1236.

## III. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss, ECF No. 3, must be **denied.**

**IT IS SO ORDERED.**